In the Matter of AMALIA GUARINO, Respondent, against MAURICE FINKELSTEIN et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Appellants.— Final order in a proceeding under article 78 of the Civil Practice Act, directing appellants to issue a certificate of eviction to respondent, affirmed, with $50 costs and disbursements. In our opinion increasing the occupancy of a six-room apartment from six or seven persons to eleven or twelve persons was a violation of a substantial obligation of the tenancy, and a holding to the contrary by the appellants upon the facts here shown was arbitrary and capricious. Carswell, Acting P. J., Johnston, Sneed and Wenzel, JJ., concur; Nolan, J., dissents and votes to reverse the order and to remit the matter to the Special Term, with the following memorandum: It is asserted in the affidavit of appellants' assistant counsel that a hearing was held on January 16, 1948, at which the hearing officer found that respondent was not proceeding in good faith. The hearing officer's report discloses that witnesses were heard, and that a finding was made by him, that respondent's tenant took in four of his first cousins and a sister, when they arrived in this country as displaced persons, with the consent of respondent, who was collecting from the tenant a rental in excess of the maximum Office of Price Administration rent. The hearing officer further found that friction developed and respondent became concerned about collecting more than the ceiling rent, and commenced proceedings to rid herself of the tenant, whom she no longed desired as an occupant of the apartment. Although respondent denied that evidence was submitted before the hearing officer in support of the findings, and asserted that the claim that respondent had collected additional rent from the tenant had been abandoned at the hearing, the issues raised by these conflicting claims were not decided at Special Term, and the order appealed from was made on the record thus presented. Although the hearing officer's report does not contain a statement of the testimony taken before him, it is my opinion that we may not properly hold, on this record, that the determination made by appellants was arbitrary or capricious. The order appealed from should be reversed and the proceeding remitted to the Special Term for a determination of the issues of fact, pursuant to section 1295 of the Civil Practice Act.